IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    *Plaintiff*<br>v.<br><br>ANTOINE WIGGINS<br><br>    *Defendant* | Criminal Case No. ELH-13-0512 |

**MEMORANDUM**

Defendant Antoine Wiggins entered a plea of guilty on September 19, 2014, to Counts One and Four of an Indictment charging him with conspiracy to distribute and possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 846, 841. *See* ECF 1 (Indictment); ECF 339 (Arraignment and guilty plea). The pleas were entered pursuant to a plea agreement. ECF 344. On June 23, 2015, the Court sentenced Wiggins to concurrent terms of 126 months' incarceration. ECF 529 (Judgment).

On April 3, 2020, the Court received a request for a sentence reduction, submitted via email by a woman who identified herself as Wiggins's mother-in-law. ECF 681. In her letter, Wiggins's mother-in-law claims Wiggins has "less than 1 year to serve" on his sentence. *Id.*[1] She asked the Court to release Wiggins due to general health concerns arising from the COVID-19 pandemic. *Id.*

---

[1] The government points out that, according to the BOP website, www.bop.inmate locater, Wiggins's anticipated release date is September 29, 2022, which is more than two years from the date of his request.

The Court decided to construe the request as a motion for early release. ECF 682 (the "Motion"). And, the Court ordered the government to respond. *Id.* Its opposition is docketed at ECF 683.

For the reasons that follow, I shall deny the Motion.

## Discussion

Section 3582 of 18 U.S.C., titled "Imposition of a sentence of imprisonment," provides that "a district court *may not* modify a term of imprisonment once it has been imposed unless the Bureau of Prisons moves for a reduction, the Sentencing Commission amends the applicable Guidelines range, or another statute or Rule 35 expressly permits the court to do so." *United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010) (emphasis added) (internal quotations marks and citations omitted); *see Dillon v. United States*, 560 U.S. 817, 824-25 (2010) (recognizing that under § 3582 the court generally "may not modify a term of imprisonment once it has been imposed."); *United States v. Chambers*, ___ F.3d ___, 2020 WL 1949249, at *3 (4th Cir. Apr. 23, 2020) ("Generally, sentences may not be modified once imposed."); *United States v. Brown*, RDB-16-0553, 2020 WL 1479129, at *1 (D. Md. Mar. 26, 2020) (denying motion for release from a halfway house to home confinement, because the court lacks authority to do so); *see also United States v. Jackson*, 952 F.3d 492, 495 (4th Cir. 2020); *United States v. Martin*, 916 F.3d 389, 395 (4th Cir. 2019). None of the exceptions is applicable here.

As indicated, an exception to the finality of a sentence may be authorized by statute. Section 3582(c)(1)(B) of 18 U.S.C. provides: "The court may not modify a term of imprisonment once it has been imposed except that – (1) in any case -- … (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute…."

The First Step Act ("FSA"), enacted by Congress in December 2018, *see* Pub. L. No.

115-291, 132 Stat. 5194, is pertinent. As part of the FSA, Congress amended 18 U.S.C. § 3582(c) to enable a court to reduce a sentence if "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A)(i); Pub. L. 115-391, Title VI, § 603(b), Dec. 21, 2018, 132 Stat. 5239; *see also United States v. Decator*, CCB-95-0202, 2020 WL 1676219, at *1 (D. Md. Apr. 6, 2020).

Prior to the passage of the First Step Act, a court could review a prisoner's sentence pursuant to § 3582(c)(1)(A) only "upon motion of the Director" of the BOP. *Decator*, 2020 WL 1676219, at *1. But, under the FSA, a court may now conduct such a review "upon motion of the defendant." *Id.* Moreover, the court "may authorize compassionate release if, after considering the factors set forth in 18 U.S.C. § 3553(a), the court finds that 'extraordinary and compelling reasons' warrant it." *Id.* (citing 18 U.S.C. § 3582(c)(1)(A)(i)). However, of import here, the defendant may bring such a motion only "if the defendant has exhausted all administrative remedies to appeal the BOP's failure to bring a motion, or if 30 days has lapsed 'from the receipt of such a request by the warden of the defendant's facility,' whichever is earlier." *Decator*, 2020 WL 1676219, at *1 (citing 18 U.S.C. § 3582(c)(1)(A)).

Here, the Motion is silent as to any attempt by defendant to exhaust his remedies before seeking relief from this Court. That is a critical omission. Indeed, the requirement may not be waived. *See*, *e.g.*, *Untied States v. Underwood*, TDC-18-0201, 2020 WL 1820092, at *2-3 (D. Md. Apr. 10, 2020)). Therefore, the Court lacks legal authority to grant the Motion.[2]

Accordingly, I shall deny the Motion, without prejudice.

---

[2] Even without the omission, I discern no basis for relief.

An Order follows.

Date:  May 5, 2020                                     /s/
                                                    Ellen L. Hollander
                                                    United States District Judge